IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-122-FL

| | |
|---|---|
| D.B.G., a minor, CARLOS BAEZA CORDOVA, and TERESA DE JESUS GARCIA GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> ROBESON COUNTY BOARD OF EDUCATION; LANCE ADAM HAIR individually and in his official capacity; JOHNNY HUNT, individually and in his official capacity as Superintendent of Robeson County Public Schools; ROBERT LOCKLEAR, individually and in his official capacity as Principal of St. Paul's Elementary School; RAYMOND CUMMINGS, individually and in his official capacity as Director of Transportation of Robeson County Public Schools; and CHRISTOPHER JONES, individually and in his official capacity as TIMS Coordinator for the public schools of Robeson County, <br><br> Defendants. | ORDER |

This matter is before the court on defendants Robeson County Board of Education ("School Board"), Robert Locklear ("Locklear"), Raymond Cummings ("Cummings"), and Christopher Jones' ("Jones", collectively "defendants") motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), insufficient service of process pursuant to

Federal Rule of Civil Procedure 12(b)(5),[1] and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (DE 35). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendants' motion is granted in part and denied in part as set forth herein.

## STATEMENT OF THE CASE

This case concerns liability for an alleged sexual assault of a student by a school bus driver. Plaintiffs commenced this action on July 10, 2018. Plaintiffs filed proof of service on August 16, 2018. In their amended complaint dated September 10, 2018, plaintiffs assert claims for violation of 42 U.S.C. § 1983 by defendants; state law negligence by defendant School Board and defendant Locklear in his official capacity, and by defendant Cummings and defendant Jones in their official and individual capacities; battery, false imprisonment, and intentional infliction of emotional distress against defendant Hair in his individual capacity and as an employee of defendant School Board; negligent infliction of emotional distress against defendant Hair in his individual and in his capacity as an employee of defendant School Board. Plaintiffs seek compensatory and punitive damages.

On October 30, 2018, defendants filed in the instant motion to dismiss. Defendants argue that defendant Jones has not been served with the summons and complaint in this case; plaintiffs' official capacity claims should be dismissed because they are duplicative of plaintiffs' claims against defendant School Board; the complaint fails to allege <u>respondeat superior</u> liability against defendant School Board for the alleged actions of defendant Hair; plaintiffs' claims against defendants are

---

[1] Defendants also raise motions under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(4) on the same grounds that they invoke Rule 12(b)(5).

[2] The complaint also named Johnny Hunt, superintendent of Robeson County Schools, as a defendant. However, Hunt was dismissed from this action on September 10, 2018 upon filing of plaintiffs' amended complaint. Defendant Lance Adam Hair ("Hair") is not joined in the instant motions, and he has been held in default as of January 10, 2019.

2

barred by governmental immunity; and punitive damages against defendant School Board fail to state a valid claim. In support of the motion, plaintiffs submit affidavits from defendant Jones ("Jones Aff." (DE 35-1)), Melody Coons ("Coons Aff." (DE 35-2)), and Hugh McIlwain ("McIlwain Aff." (DE 35-3)). Defendants also filed their answer on October 30, 2018.

On November 20, 2018, plaintiffs filed their response in opposition to the motion to dismiss. Plaintiffs argue that defendants did not rebut the presumption of service; defendants Cummings and Jones are public employees and therefore governmental immunity does not apply to claims against them; plaintiffs may pursue state law claims for negligence against both defendant School Board and defendants Locklear, Cummings, and Jones; respondeat superior liability is permissible as against defendant School Board for the actions of its employee, defendant Hair; defendants' motion does not address plaintiffs' § 1983 claims; and plaintiff waives any claim to punitive damages against defendant School Board for vicarious liability.

On December 3, 2018, defendants replied to plaintiffs' response opposing the motion to dismiss. Defendants argue that presumptive service is not implicated in this case; and plaintiffs' official capacity claims against defendants Locklear, Cummings, and Jones are redundant. In support of defendants' reply, they attach the affidavit of Robert Locklear ("Locklear Aff." (DE 45-1)).

In the meantime, plaintiffs also filed a motion for extension of time to serve defendant Jones on November 20, 2019, which the court later granted on January 14, 2019. Plaintiffs then filed a second motion for extension of time to serve defendant Jones on February 11, 2019, which the court granted on February 15, 2019.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows.[3] During the 2012-2013 school year, D.B.G. was enrolled in fifth grade at St. Paul's Elementary School, a public school operated by Defendant School Board in Robeson County. (Compl. ¶ 20). At all relevant times, in accordance with N.C.G.S. § 115C-241, Defendant School Board provided transportation to its enrolled students on buses that followed routes and schedules determined by Defendant School Board and its agents and employees. (Id. ¶ 21). During the 2012-2013 school year, the minor plaintiff D.B.G. was assigned to the bus driven by Defendant Hair, who was supposed to pick her up and drop her off at a designated stop near her home. (Id. ¶ 22).

Throughout the 2012-2013 school year, defendant Hair allegedly used his used his authority, control, and access to plaintiff D.B.G. to subject her to sexual improprieties, set forth fully in plaintiffs' complaint. (See id. ¶¶ 24-27). Plaintiffs allege that before defendant Hair began to exploit and abuse plaintiff D.B.G., he had already been accused of impropriety with another female student on his bus. (Id. ¶ 28). The accusation of impropriety with a student was made to defendants School Board, Locklear, Cummings, and/or Jones. (Id.). However, defendants did not take any actions to train or monitor defendant Hair or take other appropriate actions, such as investigating defendant Hair, report defendant Hair to law enforcement, or fire or discipline defendant Hair. (Id. ¶¶ 29-31).

In December 2013, a teacher learned that defendant Hair was sending obscene pictures to students. (Id. ¶ 37). A criminal investigation followed. (Id.). Defendant Hair admitted to numerous criminal offenses against schoolchildren, including plaintiff D.B.G.. (Id.). He eventually pled guilty

---

[3] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the amended complaint filed September 10, 2018, (DE 26), unless otherwise specified.

to two counts of felonious restraint, two counts of using minors to assist in obscenity, two counts of disseminating obscene material to minors, and two counts of taking indecent liberties with children. (Id.). Defendant Hair entered his guilty plea pursuant to a bargain with the prosecutor, and the offenses to which he pled guilty did not encompass all of his misconduct with children in the Robeson County public schools. (Id.).

## COURT'S DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The

plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

    1. Service of Defendant Jones

Defendants argue that defendant Jones in his individual capacity should be dismissed for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5).

The Federal Rules allow service of process "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In turn, North Carolina law allows service, "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat.§ 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of

employment. See id.; Moore v. Cox, 341 F.Supp.2d 570, 573 (M.D.N.C. 2004).

An affidavit together with return receipt signed by someone other than the addressee "raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F.Supp.2d at 573. "Although a return of service showing service on its face constitutes prima facie evidence of service, such showing can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545 (1996); see Harrington v. Rice, 245 N.C. 640, 642 (1957) ("Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not be lightly set aside." (internal quotation marks omitted)). "[A] defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 493 (2003) (citing Harris v. Maready, 311 N.C. 536, 541 (1984)).

On August 16, 2018, plaintiffs filed proof of service that they had served the summons and complaint by certified mail at the designated office of defendant Jones in accordance with North Carolina Rule 4(j)(1)(c). (See Proof of Service (DE 20) at 1). On July 19, 2018, the return receipt for the summons indicates that defendant School Board's agent signed for process. (See Proof of Service (DE 20) at 1). In so doing, plaintiffs raise a rebuttable presumption that the individual signing for process was defendant Jones' agent with respect to both official and individual capacity claims, based on the assumption that defendant Jones was an employee of defendant School Board.

7

See N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2).

However, defendants rebut the presumption of service. Defendants Jones and Locklear both testify that defendant Jones was not employed by defendant School Board in July 2018, the time at which plaintiffs' served process at defendant School Board's address. (See Jones Aff. (DE 35-1) ¶¶ 4-10; Locklear Aff. (DE 45-1) ¶ 4). Therefore, defendant School Board and its employees were not authorized to accept service on behalf of defendant Jones for claims against him in his individual capacity at the time service was attempted.

The motion to dismiss filed by defendant Jones for insufficient service of process is granted. However, the court previously granted plaintiffs an extension of time to serve defendant Jones. Plaintiffs are granted leave to cure the lack of service upon defendant Jones within the time permitted by the court in its order dated February 15, 2019. In the absence of proper proof of service, plaintiffs' claims against defendant Jones shall be dismissed without prejudice. Since defendant Jones has not yet been dismissed from this action, the court addresses defendant Jones' other arguments on motion to dismiss below.

2. Governmental Immunity

Defendants first seek to dismiss plaintiffs' second, fifth, and sixth causes of action on the basis that governmental immunity forecloses plaintiffs' state law causes of action.[4]

Under North Carolina law, "[a] county or city board of education is a governmental agency, and therefore may not be liable in a tort action except insofar as it has duly waived its immunity from tort liability pursuant to statutory authority." Overcash v. Statesville City Bd. of Educ., 83 N.C. App.

---

[4] The doctrine of governmental immunity does not apply to plaintiffs' first cause of action under 42 U.S.C. § 1983. See Owen v. City of Indep., Mo., 445 U.S. 622, 647–48 (1980); Berkley v. Common Council of City of Charleston, 63 F.3d 295, 296-98 (4th Cir. 1995).

8

21, 22 23 (1986) (collecting cases); see, e.g., Presnell v. Pell, 298 N.C. 715, 721 (1979); Huff v. Northampton Cty. Bd. of Ed., 259 N.C. 75, 79 (1963). "As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, inter alia, the state, its counties, and its public officials sued in their official capacity." Herring ex rel. Marshall v. Winston-Salem/Forsyth Cty. Bd. of Educ., 137 N.C. App. 680, 683 (2000). "[A] suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." Meyer v. Walls, 347 N.C. 97, 110 (1997).

"N.C. Gen. Stat. § 115C 42 is the exclusive means of a local board of education to waive immunity." Ripellino v. N. Carolina Sch. Boards Ass'n, Inc., 158 N.C. App. 423, 428 (2003) (citing Lucas v. Swain County Bd. of Educ., 154 N.C. App. 357, 361 (2002)). The statute provides:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

N.C. Gen. Stat. § 115C-42. Mere participation in the North Carolina School Boards Trust ("NCSBT") does not qualify as a purchase of insurance under N.C. Gen.Stat. § 115C 42 and waive a school board's immunity. See Ripellino, 158 N.C. App. at 428; Lucas, 154 N.C. App. at 363. However, "excess coverage" obtained by the NCSBT for a member school district that provides coverage over and above fund limits waives governmental immunity to the extent the excess insurance policy provides coverage. See Ripellino, 158 N.C. App. at 429; (Coons Aff. Ex. A (DE 53-2) at 9 (defining "excess insurance")).

9

Defendant School Board participates in the NCSBT. (See Coons Aff. (DE 35-2) ¶ 3). NCSBT's coverage agreement provides coverage for sexual acts and abuse liability, as defined in the agreement. (See Coons Aff. Ex. A (DE 35-2) at 7).[5] The NCSBT's coverage agreement with defendant School Board expressly excludes from excess coverage liability for sexual acts and abuse, as well as claims for negligent infliction of emotional distress and intentional infliction of emotional distress. (See Coons Aff. Ex. A (DE 35-2) at 13, 14). Defendant School Board has not purchased or otherwise secured any liability insurance coverage or risk protection for the claims in this case other than that which it has obtained by virtue of its participation in the NCSBT. (McIlwain Aff. (DE 35-3) ¶ 4).

Plaintiffs do not provide any provide any support for the allegation contained in the complaint that defendant School Board has procured liability insurance under N.C. Gen. Stat. § 115C-42, excess liability coverage through NCSBT, or taken any other measure by which it could be said to have waived its governmental immunity. (See Compl. ¶ 19).

Accordingly, the court holds plaintiffs' second, fifth, and sixth causes of actions against defendant School Board are barred by defendant School Board's governmental immunity. Likewise, plaintiffs' second cause of action against defendants Locklear, Cummings, and Jones is dismissed where such cause of action extends to defendants in their official capacity. See Meyer, 347 N.C. at 110. The court now turns to whether any of the defendants may be sued in their individual capacities under plaintiffs' state law claims.

---

[5]Citations herein to page numbers in all documents in the record are to those assigned by the court's CM/ECF filing system.

3. State Law Individual Capacity Claims

Defendants Locklear, Cummings, and Jones argue that plaintiffs' state law claims against them in their individual capacities should be dismissed, because individual claims against them under state law are barred by public official immunity.

"A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly." Isenhour v. Hutto, 350 N.C. 601, 608 (1999) (quoting Meyer, 347 N.C. at 110). "It is settled in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." Meyer, 347 N.C. at 112. "The rule in such cases is that an official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties." Smith v. State, 289 N.C. 303, 331 (1976). "An employee, on the other hand, is personally liable for negligence in the performance of his or her duties proximately causing an injury." Isenhour, 350 N.C. at 610 (internal citations omitted).

In distinguishing between public officials and public employees, North Carolina law recognizes several distinctions, including: "(1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties." Id. "Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." Meyer, 347 N.C. at 113 (internal quotations omitted).

North Carolina law creates the office of school principal by statute providing for school

administrators. See N.C. Gen. Stat. § 115C-287.1(a); Farrell v. Transylvania Cty. Bd. of Educ., 175 N.C. App. 689, 696 (2006). Additionally, North Carolina courts recognize "that school officials such as superintendents and principals perform discretionary acts requiring personal deliberation, decision, and judgment." Farrell, 175 N.C. App. at 695 (citing Gunter v. Anders, 114 N.C. App. 61, 67 68 (1994)). Accordingly, principals are entitled to public official immunity for their discretionary acts. See Farrell, 175 N.C. App. at 695; Gunter, 114 N.C. App. at 67 68.

Plaintiffs' complaint does not disclose how any acts or omissions by defendant Locklear, a school principal entitled to immunity, were corrupt or malicious, or outside of and beyond the scope of his duties. See Smith, 289 N.C. at 331. In fact, plaintiffs' concede that "to the extent [defendant] School Board may be found not to have waived governmental immunity, the negligence claim against defendant Locklear, a public official cannot proceed." (Pl. Resp. (DE 41) at 13). Accordingly, to the extent plaintiffs' complaint alleges an individual capacity claim against defendant Locklear it its second cause of action,[6] plaintiffs' claim is dismissed.

The court next turns to individual claims against defendant Cummings. North Carolina law requires "the superintendent or the superintendent's designee" to administer the school district's transportation program.[7] See N.C. Gen. Stat. § 115C-244. Administration of the program involves many different tasks, such as "assign[ing] the pupils and employees who may be transported to and from school upon the bus," "implement[ing] and enforc[ing]" bus routes developed in accordance

---

[6]Plaintiff captioned its complaint stating that it was raising a claim against defendant Locklear in his individual and official capacity, but under his second cause of action, the only cause against defendant Locklear, the claim was listed as an official capacity claim only.

[7]Defendants also cite N.C. Gen. Stat. § 115C-241, -242 for the claim that they are public officials. However, such statutes vest authority to act solely in the superintendent. Therefore, defendants cannot claim that these statutes create defendant Cummings of defendant Jones' jobs.

12

with N.C. Gen. Stat. § 115C-246, and disallowing an employee from riding a bus where, ". . . in the opinion of the superintendent or superintendent's designee, [it is] detrimental to the comfort or safety of the pupils assigned to such bus, or to the safe, efficient and proper operation of such bus." Id. § 115C-244.

At all times relevant to the complaint, defendant Cummings served as Director of Transportation for Robeson County Public Schools. (See Compl. ¶ 15). Plaintiffs allege defendant Cummings had numerous duties, such as "assigning students and drivers to buses; ensuring buses were used only for transportation and from designated stops; . . . and training and supervising all transportation personnel . . . ." (Id.). As the individual responsible for administering the transportation program of the school district, defendant Cummings' position is created by statute and requires exercise of the sovereign power. See N.C. Gen. Stat. §§ 115C-244 (allowing the superintendent's designee to make decisions regarding placement of pupils and employees on the bus); 115C-287.1(d) (defining school administrators to include a "director, whose major function is includes the direct or indirect supervision of teaching or of any other part of the instructional program."); see also Farrell, 175 N.C. App. at 696 (finding the Director of Federal Programs for a school district to be a school administrator). Moreover, the injuries alleged by plaintiffs flow from defendant Cummings' discretionary determinations of which pupils and employees should be placed on school buses, and how best to enforce the transportation program of the district. (See Compl. ¶¶ 15); N.C. Gen. Stat. § 115C-244; see also Hare v. Butler, 99 N.C. App. 693, 700 01 (1990) (holding a director's negligent training and supervision of agency employees to be a discretionary function). Defendant Cummings is a public official.

Plaintiffs argue that there is no case holding a Director of Transportation for a school system

13

qualifies as a public official, and cite several cases to argue that defendant Cummings is not a public official, including Hare and Block v. Cty. of Person, 141 N.C. App. 273 (2000). Plaintiff's case law is distinguishable as applied to defendant Cummings. Unlike the individuals in those cases, defendant Cummings' position and use of sovereign power are provided for by statute. Compare N.C. Gen. Stat. § 115C-244 (prescribing duties for the superintendent or the superintendent's designee); with Hare, 99 N.C. App. at 700 (citing N.C. Gen. Stat. § 108A-12 (providing for a director of county social services))); Block, 141 N.C. App. at 281-82 (citing N.C. Gen. Stat. § 130A-41 (providing for a local health director))). Accordingly, defendant Cummings is a entitled to immunity in his individual capacity, and plaintiffs' state law claims against defendant Cummings are dismissed.

Finally, the court turns its attention to defendant Jones, who at all times relevant to plaintiffs' complaint was Transportation Information Management Systems (TIMS) Coordinator for Robeson County Public Schools. (Compl. ¶ 17). Defendant Jones' alleged duties include "designing and analyzing bus routes, stops, and schedules; collecting, maintaining, and reviewing driver hour and mileage information; monitoring bus drivers' adherence to routes and schedules; and addressing any issues or problems with routes, stops, and schedules." (Id.).

Unlike defendant Cummings, defendant Jones' position and duties are not created by statute under N.C. Gen. Stat. §§ 115C-244 or 115C-287.1. Defendant Jones is TIMS Coordinator, which does not fit with the classes of individuals designated as school administrators. See N.C. Gen. Stat. § 115C-287.1(c), (d). Nowhere does § 115C-244 indicate that the "superintendent's designee" can be more than one person. See id. § 115C-244. The duties enumerated under the statute also correspond to the alleged duties of defendant Cummings as Director of Transportation, not defendant

14

Jones as TIMS Coordinator. See id.; (Compl. ¶¶ 15, 17). Moreover, defendant Jones' job duties are ministerial in nature. For example, monitoring a driver's adherence to routes and schedules does not involve judgment, but "merely the execution of a specific duty arising from fixed and designated facts." Meyer, 347 N.C. at 113 (internal quotations omitted). Ultimately, defendant Jones' tasks are ministerial, in contrast to the discretionary judgments made by defendants Locklear and Cummings regarding administration of the school and transportation program.

Defendants assert that defendant Jones is immune from suit in his individual capacity for the same reasons as defendant Cummings. (See Def. Reply (DE 45) at 8). However, for the reasons stated above, defendant Jones is not a public official, but a public employee. Consequently the court denies defendants' motion to dismiss the state law claim against defendant Jones on the basis of public official immunity.

4. 42 U.S.C. § 1983 Official Capacity Claims

Defendants ask the court to dismiss plaintiffs' official capacity claims against defendants Locklear, Cummings, and Harris under 42 U.S.C. § 1983. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). A § 1983 claim against a school official in his or her official capacity "is essentially a claim against the [School] Board and thus should be dismissed as duplicative." Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004); see Huggins v. Prince George's Cty., Md., 683 F.3d 525, 532 (4th Cir. 2012). Here, defendant School Board is subject to plaintiffs' § 1983 action. (See Compl. ¶¶ 41-51). Additionally, defendant School Board has been given notice and an opportunity to respond. (See, e.g., Answer (DE 37)). Accordingly, plaintiffs' § 1983 claims against defendants Locklear,

15

Cummings, and Jones in their official capacities are dismissed. Plaintiffs' individual capacity claims against defendants Locklear, Cummings, and Jones under § 1983 remain.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 35) is GRANTED IN PART and DENIED IN PART as set forth herein.

The motion to dismiss filed by defendant Jones for insufficient service of process is GRANTED. Plaintiffs are granted leave to cure the lack of service upon defendant Jones within the time permitted by the court in its order dated February 15, 2019. In the absence of proper proof of service, plaintiffs' claims against defendant Jones shall be DISMISSED WITHOUT PREJUDICE.

Plaintiffs' second, fifth, and sixth causes of action against defendant School Board and defendants Locklear, Cummings, and Jones in their official capacities are DISMISSED. Plaintiffs' second cause of action against defendants Locklear and Cummings in their individual capacities is DISMISSED. Plaintiffs' second cause of action against defendant Jones in his individual capacity proceeds. Plaintiffs' § 1983 claims against defendants Locklear, Cummings, and Jones in their official capacities are DISMISSED. Plaintiffs' official capacity claim against defendant School Board and individual capacity claims against defendants Locklear, Cummings, and Jones under § 1983 remain. Having disposed of the instant motion, the court hereby LIFTS the stay on this case, and an initial order on planning and scheduling will follow.

SO ORDERED, this the 1st day of March, 2019.

LOUISE W. FLANAGAN  
United States District Judge